## UNITED STATES COURT OF INTERNATIONAL TRADE

```
-----------------------------------------------------------------------X
EIGHT TO EIGHTY  EYEWEAR, INC.                      :
                                                    :
                      Plaintiff,                    :
              v.                                    :
                                                    :
UNITED STATES OF AMERICA; OFFICE OF THE             :  Court No. 21-00137
UNITED STATES TRADE REPRESENTATIVE; MARIA           :
PAGAN, ACTING U.S.TRADE REPRESENTATIVE;             :
U.S. CUSTOMS AND BORDER PROTECTION;                 :
TROY MILLER, IN HIS OFFICIAL CAPACITY AS            :
SENIOR OFFICIAL PERFORMING THE DUTIES OF            :
THE COMMISSIONER OF U.S. CUSTOMS & BORDER           :
PROTECTION,                                         :
                                                    :
                      Defendants.                   :
-----------------------------------------------------------------------X
```

## COMPLAINT

Eight to Eighty Eyewear, Inc. (hereafter "Plaintiff") by and through its attorneys Barnes, Richardson & Colburn, LLP, hereby allege the following:

## STATEMENT OF THE CASE

1.     This action challenges the imposition of duties on Chinese origin merchandise allegedly pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 (hereafter "Section 301"). Specifically, Plaintiff alleges that Defendants' imposition and collection of duties on products covered by so-called "List 4A" are not authorized under Section 301, violate the Administrative Procedure Act, and are otherwise contrary to law.

## THE PARTIES

2.      Plaintiff is an importer of various products subject to duty under List 4A, including but not limited to merchandise imported under List 4A subheadings 9003.11.00, 9003.19.00, and 9004.10.00.

3.      Defendant United States of America is the federal government to which the disputed duties were paid and is the statutory defendant under 28 U.S.C. § 1581 (i) and 5 U.S.C. § 702.

4.      Defendant Office of the United States Trade Representative (hereafter "USTR") is the executive agency of the United States charged with conducting investigations pursuant to Section 301 and implementing appropriate responses thereto, subject to the direction of the President.  USTR conducted the Section 301 investigation at issue and made numerous decisions regarding List 4A.

5.      Defendant Maria Pagan currently is the acting U.S. Trade Representative and serves as the director of the USTR.  At the time the decision was made to impose the List 4A duties, Robert E. Lighthizer was the U.S. Trade Representative and served as the director of the USTR.  In this capacity, he made numerous decisions regarding List 4A.

6.      Defendant United States Customs and Border Protection (hereafter "CBP") is the agency that administers, enforces, and collects the tariffs imposed pursuant List 4A, including such payments made by plaintiff.

7.      Defendant Troy Miller is the Senior Official Performing the Duties of the Commissioner of CBP.  In that capacity he oversees CBP's administration, enforcement and collection of tariffs imposed pursuant to List 4A, including such payments made by plaintiff.

When the List 4A duties were first imposed, Mark A. Morgan was the Acting Commissioner of CBP with responsibilities for overseeing CBP's collection of tariffs paid by Plaintiff.

## STANDING

8.      Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(i), which provides that "[a]ny civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)-(h), may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." Plaintiff paid duties, and continues to pay duties, as a result of tariffs illegally imposed pursuant to List 4A. Plaintiff, therefore, is a person that has been adversely affected or aggrieved by an agency actions within the meaning of the Administrative Procedures Act. 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

## JURISDICTION

9.      This action is commenced against the United States, its agencies, or its officers and arises out of a law providing for tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue, and the administration and enforcement of that law. As such, the Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(B) and §1581(i)(1)(D).

## TIMELINESS

10.     An action brought under 28 U.S.C. § 1581(i)(1) is timely if commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

11.　　List 4A was published on August 20, 2019 as *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20, 2019). Plaintiff's claims as to List 4A accrued at the earliest on August 20, 2019, when the USTR published in the Federal Register its decision to levy tariffs on goods subject to List 4A starting September 1, 2019.  The action is, therefore, timely.

## RELEVANT LAW

12.　　19 U.S.C. § 2411(b) and 19 U.S.C. § 2412 authorize the United States Trade Representative ("USTR") to investigate whether a foreign country has engaged in an "unreasonable or discriminatory" practice that burdens or restricts U.S commerce.

13.　　Pursuant to 19 U.S.C. § 2411(c)(1)(B), if the investigation reaches an affirmative determination, the USTR may impose duties on imports from the offending country.

14.　　Pursuant to 19 U.S.C. § 2414(a)(2)(B), USTR must determine what, if any, action to take within 12 months after the initiation of the investigation.

15.　　The USTR may modify or terminate an action taken in furtherance of Section 301 when, among other reasons, the burden or restriction on United States commerce as a result of the acts, policies, or practices have increased or decreased or when the action is no longer appropriate. 19 U.S.C. § 2417(a)(1)(B)-(C).

## RELEVANT FACTS

16.　　USTR initiated the investigation into Chinese technology transfer and intellectual property practices on August 18, 2017. *Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213 (Aug. 24, 2017).

17.    On March 28, 2018, USTR published its report announcing the results of its investigation in OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *Findings of the Investigation Into China's Acts, Policies, And Practices Related to Technology Transfer, Intellectual Property, and Innovation Under Section 301 of The Trade Act of 1974* (Mar. 22, 2018), available at https://ustr.gov/sites/default/files/Section%20301%20FINAL.PDF. The report concludes that the investigated practices of the Chinese government are unreasonable and discriminatory and burden or restrict U.S. commerce. *Id.* at 47.

18.    On June 20, 2018, USTR published *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018), imposing an addition 25% *ad valorem* duty on selected products of China. This is the so-called "List 1."

19.    On August 16, 2018, USTR published *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823, 40,823-24 (Aug. 16, 2018), imposing an additional 25% *ad valorem* duty on selected products of China. This is the so-called "List 2."

20.    China retaliated against the U.S. action by imposing duties on U.S.-origin goods.

21.    In explicit response to China's retaliation and without reference to China's technology transfer, intellectual property, or innovation policies, the USTR proposed to impose duties on additional Chinese-origin products. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 33,608, 33,609 (July 17, 2018). See also *Statement by U.S. Trade Representative Robert Lighthizer on Section 301*

*Action* (July 10, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/july/statement-us-trade-representative.

22.    Furthermore, public statements by the President indicate the additional duties were tied to the trade imbalance between the United States and China. See., e.g., @realDonaldTrump, TWITTER (July 10, 2018, 9:17 PMEDT), https://twitter.com/realDonaldTrump/status/1005982266496094209.; @realDonaldTrump, Twitter (July 25, 2018, 7:01 AM EDT), https://twitter.com/realDonaldTrump/status/1022074252999225344.

23.    Citing allegedly illegal retaliation against the United States, on August 1, 2018, USTR announced that it would impose an additional 25% *ad valorem* duty on selected products of China. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action (Aug. 1, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/august/statement-us-trade-representative.

24.    On September 17, 2018, President Trump announced that he had directed USTR to impose 10% additional tariffs on $200 billion of imports from China. THE WHITE HOUSE, *Statement from the President* (Sep. 17, 2018), https://www.whitehouse.gov/briefings-statements/statement-from-the-president-4/. The additional tariffs were explicitly linked to China's decision to "impose new tariffs in an effort to hurt the United States economy."

25.    USTR published the next list of affected products subject to the additional duties, so-called "List 3," on September 21, 2018, imposing an addition 10% *ad valorem* duty on selected products of China. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed.

Reg. 47,974 (Sept. 21, 2018). This publication was made more than 12 months after the initiation of the investigation on August 24, 2017.

26.     In the September 21, 2018 notice, USTR justified the action as a modification of the existing Section 301 action because the burden on United States commerce had continued to increase, citing Section 307(a)(1)(B). USTR also stated that Chinese retaliation made the existing action no longer "appropriate," citing Section 307(a)(1)(C).

27.     On May 9, 2019, USTR announced it was increasing the List 3 duty rate from 10% *ad valorem* to 25% *ad valorem*. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 20,459 (May 9, 2019).  The increase in the duty rate was linked to a "lack of progress in the additional rounds of negotiation since March 2019, and at the direction of the President . . .." *Id* at 20,460.  This publication was made more than 12 months after the initiation of the investigation on August 24, 2017.

28.     On May 17, 2019, USTR announced its intention to proceed with the implementation of Section 301 duties on additional products in what would become so-called "List 4," imposing an addition 10% *ad valorem* duty on selected products of China.  *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). The rational for List 4 was not China's policies with respect to technology transfer, intellectual property, or innovation. It was to punish China for its failure to meet specific commitments made in prior negotiations and its further retaliation against the U.S. *Id.*  This publication was made more than 12 months after the initiation of the investigation on August 24, 2017.

29.     On August 20, 2019, USTR announced that it would implement List 4 in two

phases, so called "List 4A" and "List 4B", with List 4A effective September 1, 2019 and List 4B

effective December 15, 2019.  *Notice of Modification of Section 301 Action: China's Acts,*

*Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,

84 Fed. Reg. 43,304 (Aug. 20, 2019). USTR again relied on Section 307(a)(1)(B) and (C) for

authority to modify its prior action. Nevertheless, the Notice does not identify intellectual

property, technology transfer or innovation as the reasons for List 4A or List 4B. Rather, the

Notice refers to China's defensive actions including retaliatory tariffs. This publication was

made more than 12 months after the initiation of the investigation on August 24, 2017.

30.     On August 30, 2019, USTR announced it was increasing the List 4A and List 4B

duty rates from 10% *ad valorem* to 15% *ad valorem*.  *Notice of Modification of Section 301*

*Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual*

*Property, and Innovation*, 84 Fed. Reg. 45,821 (Aug. 30, 2019).   The increase in the duty rate

was linked to China's retaliation and threatened retaliation to the implementation of the List 4A

and List 4B tariffs and the lack of progress in the ongoing negotiations.  *Id*. at 45,822.  This

publication was made more than 12 months after the initiation of the investigation on August 24,

2017.

31.     On December 18, 2019, USTR announced its intention to suspend, until further

notice, the imposition of duties on the List 4B products.  *Notice of Modification of Section 301*

*Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual*

*Property, and Innovation*, 84 Fed. Reg. 69,447 (Dec. 18, 2019). The suspension was based on

progress in the ongoing negotiations with China, resulting in a "historic and enforceable

agreement on a Phase One trade deal . . ..." *Id.*  This publication was made more than 12 months

after the initiation of the investigation on August 24, 2017.

32.     On January 22, 2020, USTR announced it was decreasing the List 4A duty rates

from 15% *ad valorem* to 7.5% *ad valorem. Notice of Modification of Section 301 Action:*

*China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and*

*Innovation*, 85 Fed. Reg. 3,741 (Jan. 22, 2020).   The decrease in the duty rate was linked to the

upcoming implementation of the Phase One trade deal and the direction of the President.  *Id.*

This publication was made more than 12 months after the initiation of the investigation on

August 24, 2017.

## STATEMENT OF CLAIMS

## COUNT 1—DECLARATORY JUDGMENT

33.     Plaintiff repeats and re-asserts paragraphs 1 through 32 of this Complaint.

34.     The Court may "declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §

2201(a).

35.     USTR's decisions to impose Section 301 duties on Chinese products covered by

List 4A were not based on the acts or policies that the USTR had identified in its March 28, 2018

report as "burden[ing] or restrict[ing]" U.S. commerce, as required by 19 U.S.C. § 2411(b)(1).

36.     USTR failed to take action to impose duties on List 4A products from China

within the 12-month period required by 19 U.S.C. § 2414(a)(1)(B) and (2)(B).

37.     USTR may "modify or terminate" a Section 301 action when the burden on U.S.

commerce from the investigated unfair policies or practices investigated increases or decreases.

USTR may not increase the duties assessed in furtherance of Section 301 for reasons other than

the acts, policies, or practices that were found in the March 28, 2018 report to burden U.S. Commerce.

38.     Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit USTR to increase an existing remedy action. Rather, it is the authorization to decrease, remove, or pause the action.

39.     Plaintiff is, therefore, entitled to a declaratory judgment that the duties imposed on products of China covered by List 4A are contrary to law and void *ab initio*.

## COUNT 2—APA VIOLATION

40.     Plaintiff repeats and re-asserts paragraphs 1 through 39 of this Complaint.

41.     The Administrative Procedure Act requires that this Court invalidate any final agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

42.     USTR's imposition of List 4A duties more than 12 months after the initiation of the investigation exceeded its statutory authority and is without the observance of procedure required by law.

43.     USTR's imposition of List 4A duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation exceeded its statutory authority and is arbitrary, capricious, and abuse of discretion.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of plaintiff, and:

1. Declare the Defendants' actions resulting in tariffs on products covered by List 4A are unauthorized by, and contrary to, Section 301;

2. Declare that Defendants arbitrarily and unlawfully promulgated List 4A in violation of the APA;

3. Vacate the List 4A rulemaking;

4. Order Defendants to refund, with interest as provided by law, all duties paid by Plaintiff pursuant to List 4A;

5. Permanently enjoy Defendants from applying List 4A against Plaintiff and collecting any duties from Plaintiff pursuant to List 4A; and

6. Grant such other relief as the Court may deem just and proper.

Dated, March 25, 2021                    Respectfully submitted,

/s/ Frederic D. Van Arnam, Jr.
Frederic D. Van Arnam, Jr.

BARNES, RICHARDSON & COLBURN, LLP
100 William Street, Suite 305
New York, NY  10022
212-725-0200, ex. 126
rvanarnam@barnesrichardson.com
*Counsel to Plaintiff*

11